IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            )<br>            Plaintiff,            )<br>vs.            )<br>Tony Nixon,            )<br>            Defendant.            )<br>_____ ) | CR 14-00668-TUC-CKJ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to suppress statements. (Doc. 63) The defendant, Tony Nixon, argues that two statements taken from the material witnesses must be suppressed because the statements were not recorded and were instead summarized in agents' reports, in violation of his Due Process rights. He argues that the video recorded depositions should be suppressed because without recordings of the two prior statements the defense did not have a full and fair opportunity to cross-examine the witnesses, in violation of his Due Process rights.

A hearing was held on November 5, 2014. The parties stipulated to the facts and presented argument only. No witnesses testified. No exhibits were presented.

**Charge:**

The defendant is charged by indictment in Count 1 with conspiracy to transport illegal aliens for profit, in violation of Title 8 United States Code §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i); and in Counts 2 and 3 with transportation of an

illegal alien for profit, in violation of Title 8 §§ 1324(a)(1)(A)(ii) and 1324 (a)(1)(B)(I). There is also a Forfeiture Allegation. (Doc. 27).

**Motion to Suppress:**

The defendant, Tony Nixon, argues his Due Process rights were violated when the material witnesses were detained on 3/10/14 and interviewed by U.S. Border Patrol Agents Daniel Guzman and Allen Walker because the interviews were not audio or video recorded. The witnesses were again interviewed on 3/26/14 by the Assistant United States Attorney (AUSA), using the case agent, Ricardo Novoa as a translator, and in the presence of the material witnesses' counsel. The interviews were not recorded. The material witnesses were deposed on 4/3/14. The depositions were video recorded. Mr. Nixon claims that the two unrecorded statements and the depositions were taken in violation of his Due Process Rights and therefore must be suppressed.

The Court concludes that the law does not require that statements be recorded, even if that is the best practice. The video taped depositions were conducted in compliance with the District of Arizona General Order, and Federal Rules of Criminal and Civil Procedure. The statements are admissible at trial, if in compliance with the Federal Rules of Evidence.[1]

**FACTS:**

On 3/14/14 Defendant Nixon was driving northbound on Interstate 19 in his 2008 Hummer when he was stopped by agents. Present in the vehicle were Isaac Nides and two Mexican citizens who were not lawfully in the United States, although one claimed to be a United States citizen. Agents detained all four of the vehicle's occupants. Once in custody they were interviewed by the agents, who chose not to audio or video record the statements. Instead the interviews were summarized in reports. The government disclosed the reports to defense counsel and material witness counsel on 3/24/14.

When the AUSA reviewed the reports summarizing the material witness statements he

---

[1] The government's position is that the out-of-court statements are hearsay and are only admissible at trial if offered for a purpose other than for the truth of the matter asserted, ie. for impeachment.

- 2 -

1  thought it was "fishy" that Agent Guzman's summaries of the two statements were "nearly
2  word-for-word identical." He arranged to interview the material witnesses at the detention
3  facility where they were being held. The AUSA did not consider recording the interviews,
4  although Agent Novoa wrote a report summarizing the interviews. The AUSA did not advise
5  defense counsel ahead of time or invite him to attend the interview. He thought of the
6  interviews as typical trial preparation for government witnesses, although he does not usually
7  interview material witnesses prior to the video depositions because he does not have time.
8      Present during the interviews were the case agent, Ricardo Novoa, who acted as an
9  interpreter, and counsel for the material witnesses. Each of the two witnesses was
10  interviewed separately. The AUSA determined that Agent Guzman did not interview the
11  witnesses separately. He interviewed only Material Witness Andrade-Quevado and then
12  asked Material Witness Castro-Juarez if he heard and agreed with Andrade-Quevado's
13  account. Castro-Juarez agreed.
14      The interviews conducted by the AUSA at the detention center were substantially similar
15  to the original interview with one major exception. Agent Guzman wrote in his reports that
16  the witnesses stated that they were driven in a green Honda from the stash house to a drop-off
17  point so the witnesses could walk around the checkpoint. The Honda was the same vehicle
18  that originally picked them up from the AutoZone and took them to the stash house two days
19  earlier. After walking around the checkpoint, guided by Nides, the witnesses hid and waited
20  for about four hours until they were picked up by Mr. Nixon in the Hummer, with Nides as
21  the passenger.
22      At the interview at the detention center the material witnesses stated that they were driven
23  in the Hummer to the drop-off point and then retrieved by the same Hummer after they
24  walked around the checkpoint. The witnesses insist that this same information was given to
25  Agent Guzman during the original interview. Agent Guzman stands by his report that the
26  material witnesses told him it was the green Honda that drove them to the drop-off point.
27      The fact that the second unrecorded interview took place, and the change in the statement,
28  was disclosed to defense counsel by the AUSA during a hearing on 3/28/14, four business

- 3 -

1  days before the video depositions took place.  Neither before or after the disclosure of that
2  information did defense counsel ask to interview the material witnesses.  During the 4/3/14
3  depositions both material witnesses were cross-examined regarding the interviews and the
4  inconsistency.  After the depositions, the government filed an unopposed motion for the
5  release of the material witnesses. (Doc. 29).  The Court signed an order releasing the material
6  witnesses for return to their home country on 4/10/14. (Doc. 30).

7  **DISCUSSION**:

8  **Unrecorded, out-of-court statements**:

9  During the hearing, defense counsel cited the Court to *U.S. v. Wright*, 625 F.3d 583, 604
10  fn.10 (9th Cir. 2010) for the proposition that the interviews should have been recorded.  The
11  footnote, and the cases cited within it, state that there is no rule or constitutional requirement
12  that post-arrest statements be electronically recorded. It explains, however, that failure to
13  record, when the equipment is available, might support an inference that the agents'
14  testimony about the circumstances surrounding the statement may not be accurate.

15  The statements were memorialized by Agent Guzman.  Although the interviews and
16  reports were poorly done, they were timely disclosed to the defense.  The statements taken
17  by the AUSA could have been recorded or taken in the presence of defense counsel.
18  However, there is no rule requiring that.  A report was written by Agent Novoa and disclosed
19  promptly.  The AUSA disclosed the information verbally even before the report was
20  available.

21  General Order 11-15(3) states that once there is notification that a witness is being
22  detained the parties may arrange for a date and time to interview the witness, although the
23  witness is not required to submit to an interview. The government took advantage of that
24  provision.  The defendant did not.

25  **Video recorded depositions**:

26  Video recorded depositions are conducted in this district pursuant to General Order 11-
27  15(4) and (5).  The depositions in this case were conducted in compliance with the General
28  Order and the Federal Rules of Criminal and Civil Procedure.  There was no objection to

1 conducting the video depositions prior to or during the depositions.  There was no objection 2 to the release of the material witnesses.  The motion to suppress the material witness 3 statements was filed six months after the witnesses were ordered released.

4 The defendant argues that the material witness testimony would be more effective if it 5 were presented live, during the trial.  He also states that additional disclosure and 6 investigation has occurred since the time of the deposition.  However, there is no citation to 7 authority that any of those factors necessitates suppression of the material witness' 8 depositions.  The video recorded depositions are admissible at trial.

**RECOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court **DENY** the motion to suppress statements. (Doc. 63).

Defense counsel may serve and file written objections within 14 days.  If objections are not timely filed, the party's right to de novo review may be waived.  No reply to objections shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 7th day of November, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge