**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 14-668-TUC-CKJ (LAB) |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TONY NIXON, ) | |
| ) | |
| Defendant. ) | |

On November 10, 2014, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (Doc. # 81) in which she recommended the Motion to Suppress Statements (Doc. 63) filed by Defendant Tony Nixon ("Nixon") be denied. An objection and a response have been filed.

I. *Report and Recommendation – Standard of Review*

The Court has reviewed the Motion to Suppress Statements (Doc. 63), the response (Doc. 69), the Report and Recommendation ("R & R") (Doc. 81), the objections (Doc. 85), and the response (Doc. 86). The R & R summarizes that Nixon seeks suppression of two statements taken from the material witnesses because the statements were not recorded and were instead summarized in agents' reports, in violation of his due process rights. Nixon also asserts the video recorded depositions should be suppressed. Nixon argues that, because the

prior statements were not recorded, the defense did not have a full and fair opportunity to cross-examine the witnesses, in violation of his due process rights.  The magistrate judge recommends this Court deny the Motion to Suppress Statements.

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985).  However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Nonetheless, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

II. *Duty to Preserve Evidence of Witnesses*

Nixon argues the magistrate judge erred in determining the prosecutor had no duty to preserve evidence of witnesses.  The magistrate judge acknowledged that, while there is no rule or constitutional requirement that post-arrest statements be electronically recorded, the "failure to record, when the equipment is available, might support an inference that the agents' testimony about the circumstances surrounding the statement may not be accurate." R & R, p. 4, *citing United States v. Wright*, 625 F.3d 583, 604 n.10 (9th Cir. 2010).  To the extent the defense asserts the magistrate judge erred in determining the prosecutor had no duty to preserve evidence of witnesses, the Court finds the magistrate judge did not reach such a conclusion.

1    However, the Court also considers that Nixon is implicitly arguing that the

2    government in this case did not adequately preserve evidence of the material witnesses'

3    statements.  While it may be appropriate for agents to memorialize witness statements, *see*

4    *e.g., Prince v. Ryan*, No. CV–08–1299–PHX–SRB (JRI), 2011 WL 7781479 * (D.Ariz. April

5    12, 2011) ("A perverse incentive would apply if the prosecution could avoid disclosure of

6    exculpatory information simply because the officers possessing it failed to memorialize it in

7    writing or otherwise."), this Court agrees with the magistrate judge that there is no rule or

8    constitutional requirement that post-arrest statements be electronically recorded.  Rather,

9    when the government chooses to memorialize evidence in some other form, the government's

10   case may be subject to attacks of the memorializing agent, arguments regarding negative

11   inferences, or similar consequences.

12   Nixon argues that, unless all contacts between material witnesses and government

13   agents are scrupulously recorded, defendants can never know what agreements, express or

14   implied, may have been conveyed to the witnesses, particularly where the prosecutor is

15   directly involved and holds the power to file additional charges.  Indeed, Nixon points out

16   the government sent the material witnesses letters advising them they may be prosecuted for

17   any false statements or perjury that the material witnesses had made or may make in

18   connection with this case.  Nixon appears to be arguing that a prosecutor should not advise

19   a witness of possible consequences of false statements or perjury and further appears to be

20   arguing that every time a prosecutor interviews a witness pre-trial, such interview must be

21   recorded.  However, even if a prosecutor does not have a substantial basis to believe a

22   witness may be lying, non-coercive warnings to a witness are appropriate.  *United States v.*

23   *Vavages*, 151 F.3d 1185 (9th Cir. 1998).  Further, Nixon has not provided any authority for

24   his assertions and the Court is not aware of any such authority.  *See e.g., United States v.*

25   *Bernard*, 625 F.2d 854, 859-60 (9th Cir. 1980) (finding no statutory or constitutional basis

26   to require government to create discoverable material).  Further, the defense was not

27   restricted from interviewing the material witnesses before the depositions, afforded an

28

- 3 -

1   opportunity to inquire into the interviews during the depositions, and the defense did not

2   object to the release of the material witnesses.

3          Additionally, prosecutors are subject to disclosure requirements. *Brady v. Maryland*,

4   373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), *United States v. Agurs*,

5   427 U.S. 97 (1976), *Strickler v. Greene*, 527 U.S. 263, 280 (1999), *Giglio v. United States*,

6   405 U.S. 150, 154-55 (1972).  Information obtained in interviews, whether they have been

7   recorded or not, may be subject to disclosure.  Just because the government does not provide

8   that disclosure in the method preferred by the defense does not mean that the due process

9   rights of Nixon have been violated.  Although Nixon asserts in his original motion that

10  defense counsel was "unable to find any cases where the prosecution interviewed material

11  witnesses without preserving the testimony[,]" Motion, pp. 7-8, the Court does not find such

12  a practice is not typical.  *See e.g.* 81 Am.Jur.2d Witnesses § 226 (discussing *inter alia*

13  prosecutor testifying as to statements made to him or her by a witness other than the

14  defendant or the victim of the crime and discussing other sources providing corroborating

15  evidence); *United States v. Acosta*, 357 F.Supp.2d 1228 (D.Nev. 2005) (discussing

16  prosecutor's notes of interview, as opposed to recording, with government witness).[1]

17         The Court does not find that the failure to electronically record the material witnesses'

18  statements results in a violation of Nixon's due process rights.

19

20   III.  *General Order 11-15(3)*

21         Nixon argues the magistrate judge erred in determining General Order 11-15(3)

22  applies equally to the prosecution and defense attorneys.  The General Order provides:

23         3. After notification orally or in writing by the Court that a witness is being detained
           in the case the parties may arrange a date and time for the interview of the witness.
24         A material witness is not required to submit to an interview by any party.

25

26  _____

27         [1]In this case, the interviews between the material witnesses and the prosecutor
    occurred in the presence of an agent and counsel for the material witnesses.

28                                                - 4 -

General Order 11-15(3).  Just as any witness is subject to an interview by one party, a detained material witness is subject to an interview by a party.  Similarly, an interviewed witness may be subject to subsequent questioning under oath.  That may occur, as it did in this case, with a deposition of the detained material witnesses.  Further, defense counsel never attempted to interview the material witnesses.

IV. *Implicit Policy Supporting Selective Recording of Witness Statements*

Nixon argues the magistrate judge erroneously created a policy supporting the selective recording of some witnesses while summarizing the statements of others.  This characterization is incorrect.  The determination that Nixon's due process rights were not violated in this case does not mean that the magistrate judge or this Court supports what the defense labels as a policy.[2]  Rather, the conclusions simply reflect a review of the pre-trial procedures utilized in this case and whether those procedures violated Nixon's due process rights.

V. *Lack of Corroborating Evidence*

In his Objections, Nixon also discusses how counsel was not aware, at the time of the material witnesses' depositions, that there was no corroborating evidence.  Although not entirely clear in the Objections, the Court accepts this as referring to corroborating evidence of the material witnesses' identifying Nixon.  However, Nixon does not clarify how possible corroborating evidence by agents or checkpoints that could identify Nixon would have affected the questioning of the material witnesses during their depositions.

---

[2]In *United States v. Bernard*, 625 F.2d 854, 860 (1980), the court stated "we hope that such conduct [discussed by the court] does not become the policy of government investigating agencies."  In other words, just because a court does not agree with a defense argument does not mean a policy has been established.

VI. *Conclusion*

The Court agrees with the magistrate judge that Nixon's due process rights were not violated by the procedures utilized by the agents or the prosecutor in this case.  That a jury may have to consider discrepancies and possible negative inferences from the procedures does not constitute a due process violation.  The Court will deny the request to suppress the statements and the depositions because of an alleged due process violation.

Accordingly, IT IS ORDERED:

1.      The Report and Recommendation (Doc. # 81) is ADOPTED.

2.      The Motion to Suppress Statements (Doc. 63) is DENIED.

DATED this 15th day of January, 2015.

Cindy K. Jorgenson
United States District Judge